UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES SAXTON, INMATE #21143064,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 22cv0562-RBM (JLB)<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM AND FAILING TO PROSECUTE** |

　　　On April 21, 2022, Plaintiff Charles Saxton, an inmate detained at the George Bailey Detention Facility in San Diego, California, proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983 accompanied by a motion to proceed in forma pauperis. (ECF Nos. 1-2.) Plaintiff claimed he was denied clean and safe living conditions and adequate medical and dental care. (ECF No. 1 at 3-5.)

　　　On May 23, 2022, the Court granted Plaintiff's motion to proceed in forma pauperis and screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b), which require a court to *sua sponte* dismiss a prisoner's in forma pauperis complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. (ECF No. 3.) The Court found Plaintiff did not state a § 1983

claim against the San Diego County Sheriff's Department or its subdivisions, which were the only named Defendants, because those entities are not "persons" within the meaning of § 1983, and informed Plaintiff of the pleading requirements to state a claim for unconstitutional conditions of confinement and inadequate medical care against a proper defendant. (*Id*. at 5-11.)

Plaintiff was granted leave to amend and instructed to file an amended complaint on or before July 7, 2022. (*Id*. at 12-13.) He was informed that if he failed to timely amend, the Court would enter a final judgment of dismissal based on his failure to state a claim and his failure to prosecute in compliance with the court order requiring amendment. (*Id*. at 13, citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action."))

On June 6, 2022, Plaintiff filed a motion to stay this action for six months "so I can get out of custody and file the right motions on the case. It is hard to get the forms to file the motions needed let alone a request for the matter to be continued while in custody." (ECF No. 4 at 1.) On June 13, 2022, the Court denied the motion for stay because there was no operative complaint on file, no motions were due, and the time to amend had not passed. (ECF No. 5 at 2.) Plaintiff was instructed that he could file a motion to extend the time to amend if he wished to do so without the necessity of a form. (*Id*.)

The deadline to amend has passed and Plaintiff has not filed an amended complaint or sought an extension of time to do so. This Court has discretion to *sua sponte* dismiss a case for lack of prosecution or failure to comply with a court order. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also* FED. R. CIV. P. 41(b) (providing for involuntary dismissal for failure to prosecute or comply with the federal rules or court order). "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

  "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002), citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). Because the Court has informed Plaintiff of his need to timely amend but he has failed to do so, factors one, two and four weigh in favor of dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Pagtalunan*, 291 F.3d at 642 ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."); *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (a court is not required to exhaust all alternatives prior to dismissal). Factor five does not weigh against dismissal. *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (the public policy favoring disposition on the merits does not weigh against dismissal where plaintiff's "conduct impedes progress in that direction.") Only factor three does not weigh in favor of dismissal. *See Pagtalunan*, 291 F.3d at 642 (where defendants have not appeared, "[w]e have previously recognized that pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal.")

  Weighing these factors, the Court finds entry of a final judgment of dismissal is appropriate. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) ("We may affirm a dismissal where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal.") (internal citation omitted), quoting *Ferdik*, 963 F.2d at 1263.

## CONCLUSION AND ORDER

  The Court **DISMISSES** this civil action without prejudice based on Plaintiff's failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§

1915(e)(2) & 1915A(b), and for failure to prosecute by failing to file an amended complaint as required by the Court's May 23, 2022, Order. The Court **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

    **IT IS SO ORDERED.**

Dated: August 25, 2022

*[signature]*
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE